**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 95-31206

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LAWSON PARKER,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(91-CR-304-J)

March 7, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

A jury convicted Lawson Parker and his codefendant, Pierre
Parsee, of conspiring to possess with intent to distribute cocaine,
possessing cocaine with intent to distribute, and using and

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

carrying a firearm during and in relation to the drug trafficking offense in violation of 18 U.S.C. §924(c).  Parker argues that the evidence was insufficient to support his conviction for using and carrying a firearm.

The record reveals that the gun was found on the rear floorboard of the vehicle driven by Parker and that the gun was within Parker's reach.  In *Bailey v. United States*,[1] the Supreme Court considered whether the concealment of a gun "nearby to be at the ready for an imminent confrontation" could be the "use" of a firearm under §924(c).[2]  The Supreme Court concluded that "'use' cannot extend to encompass this action".[3]  Applying *Bailey*, this court has found that mere presence of a gun on the floorboard of a vehicle does not constitute "use" under §924(c).[4] Accordingly, the evidence does not support a jury finding that Parker *"used"* a firearm under §924(c).

Although the evidence was insufficient to establish "use" under the statute, the indictment charged Parker with both *use* and *carrying* a firearm.  Clearly, the evidence is sufficient to support a jury finding that Parker "carried" a firearm for the purposes of

---

[1]     133 L.Ed.2d 472 (1996).

[2]     *Id.* at 484.

[3]     *Id.*

[4]     *United States v. Fike*, 82 F.3d 1315, 1327 (5th Cir.) *cert. denied*, -- U.S. --, 117 S.Ct. 241, 136 L.Ed.2d 170 (1996).

the statute.[5]    However, because the jury may have rendered a guilty verdict on this count based on the liberal pre-*Bailey* instructions regarding "use" of a firearm, we must REVERSE Parker's conviction under 18 U.S.C. §924(c) and REMAND this case.[6]    The Government may retry Count 3 on the "carrying" theory only.

---

[5]    See *Id.* at 1328.

[6]    *Id.; United States v. Brown*, 102 F.3d 1390 (5th Cir. Dec. 23, 1996), No. 95-10969, 1996 WL 734702, at *10-*11.